Filing # 69677626 E-Filed 03/22/2018 03:01:54 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR BREVARD COUNTY FLORIDA

CASE NO.:

YVONNE COLLINS,

    **Plaintiff,**

vs.

**JP MORGAN CHASE BANK, N.A.**

    **Defendants.**

_____/

## COMPLAINT

COMES NOW The Plaintiff, Yvonne Collins, (hereafter Collins) by and through the undersigned counsel, sues the Defendants JP Morgan Chase Bank, N.A. (hereafter JMC) and alleges:

1. This is an action for damages more than $15,000.00, exclusive of interest, costs and attorney's fees.

2. At all times material hereto, Defendant, JMC was a National Banking Association (N.A.) that was exempt from mandatory registration with Florida Secretary of State. Nonetheless, JMC filed a designation with the Florida Secretary of State naming CT Corporation as its designated agent for service of process. JMC is one of the worlds ten largest banks, one of the two largest U.S. Banks by market capitalization and conducts business in State of Florida and JMC maintains agents for the transaction of its customary business in substantially ever county in Florida.

3. The Plaintiff is a resident of Brevard County. She formerly owned a home in Brevard County until JMC foreclosed upon her home.

1

4. JMC under its "Chase" Logo or as Chase Home Loans or as Chase Home Finance, LLC is a loan servicer that serviced the mortgage upon Yvonne Collins's primary residence, which was located at 370 Desoto Parkway, Satellite Beach, FL 32937, until Collins lost her home by judicial foreclosure sale on or about December 7, 2016.

5. JMC falls within the Securities and Exchange Commission's (SEC) definition of a loan servicer.

6. JMC is a debt collector and debt collection is a substantial component of JMC's business.

7. In the alternative, JMC owns the note and mortgage on Plaintiff's residence and is the owner of the debt and is not servicing the loan for a third party. The plaintiff is without knowledge as to whether JMC is the owner of the note and mortgage on Plaintiff's home or is merely a third party servicer because JMC failed to provide such information in response to the qualified written request submitted to by Plaintiff's counsel to the Defendant.

8. JMC assigned Loan Number 1696856291 to the subject loan on Collins' home.

9. JMC filed a foreclosure action against Collins under Brevard County Circuit Court Case Number 05-2008-CA-73296.

10. JMC as the loan servicer was responsible for overseeing the efforts of the law firm prosecuting the foreclosure action from its inception in 2008 through its conclusion in December of 2016.

11. On or about April 27, 2010, JMC obtained a Final Judgment of Mortgage Foreclosure against Collins. The amount of the final judgment against Collins was $196,731.64.

12. Thereafter, Collins filed Chapter 13 bankruptcy petitions under Case Number 6:12-bk-14747-ABB and under Case Number 6:13-bk-11232-ABB.

13. During the pendency of the two Chapter 13 Bankruptcy Petitions, JMC received in excess of $14,000.00 through September 15, 2015. The total received by JMC is unknown to Collins and will be sought in discovery. True and Correct copies of Chapter 13 Status Report as of June 13, 2013 showing $2,436,99 paid in Case Number 6:12-bk-14747-ABB and a Summary of Disbursements to Creditors dated September 15, 2015 in Case Number 6:13-bk-11232-ABB showing $12,185.23 paid are attached hereto as **Exhibit 1**.

14. Ultimately, Collins did not make all payments required of her to successfully complete the Chapter 13 Bankruptcy.

15. By letter dated February 18, 2016 Chase invited Collins to Apply for Loan Modification. A true and correct copy of Chase's correspondence is attached as **Exhibit 2**.

16. Collins submitted a loss mitigation package to Chase. The package was complete of facially complete. Collins did not keep a complete copy of her submission to Chase. This submission occurred later than February 18, 2016 and prior to September 26, 2016.

17. On September 28, 2016, JMC's foreclosure counsel filed a motion to reschedule the foreclosure sale that had previously been cancelled due to Collins Bankruptcy filings.

18. On December 7, 2016 a judicial foreclosure sale was held.

19. The winning bidder in the judicial sale bid $255,000.00 which was substantially more than the $196,731.64 judgment amount.

20. The Certificate of Disbursements dated December 20, 2016, shows that the clerk sent $255,000.00 to JMC and no surplus was retained for Collins.

## COUNT I – UNJUST ENRICHMENT

Plaintiff realleges paragraphs one to twenty as set forth above.

21. JP Morgan Chase received the sum of $255,000 from the Brevard Clerk of Courts.

22. The Brevard Clerk of Court was unaware that during the Chapter 13 Bankruptcy, Collins made over $14,000 of payment to JMC through the bankruptcy trustee.

23. As a result of the Chapter 13 Bankruptcy, Collins substantially reduced the outstanding principal on the subject loan.

24. The interest due on the loan was abated or reduced pursuant to the Chapter 13 Bankruptcy but the Clerk of Court unaware of such payments and the BK filing, calculated interest on the original judgment as if no payments had been made and as if Bankruptcy had not been filed.

25. After Chase received the $255,000.00 it failed to credit the payments made during the Chapter 13 Bankruptcy.

26. JMC having received $58,268.36 more than the judgment amount, together with over $14,000.00 in from the Bankruptcy Trustee was unjustly enriched.

27. Chase should have realized that it was overpaid and refunded the overpayment to Collins but Chase retained all of the money it received from the Brevard Clerk of Court.

**WHEREFORE**, the Defendant demands judgment for such sum by which JMC was unjustly enriched.

### COUNT II- VIOLATION OF 12 C.F.R. 1024

Plaintiff realleges Paragraphs 1 to 20 as set forth above.

28. Collins submitted a loss mitigation package to Chase. The package was complete of facially complete. Collins did not keep a complete copy of her submission to Chase. This submission occurred later than February 18, 2016 and prior to September 26, 2016.

29. Code of Federal Regulations 12 C.F.R. 1024.41(g) provides in pertinent part:

> (g) *Prohibition on foreclosure sale.* If a borrower submits a complete <u>loss mitigation application</u> after a <u>servicer</u> has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure

4

> process but more than 37 days before a foreclosure sale, a <u>servicer</u> shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless:
> (1) The <u>servicer</u> has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any <u>loss mitigation option</u> and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;
> (2) The borrower rejects all loss mitigation options offered by the <u>servicer</u>; or
> (3) The borrower fails to perform under an agreement on a <u>loss mitigation option</u>.

30. JMC was in possession of the complete or facially complete package prior to September 26, 2016.

31. JMC violated 12 CFR 1024 when it went forward, through its agents and counsel with its motion to reschedule foreclosure sale filed on or about September 28, 2016.

32. JMC violated 12 CFR 1024.41(g) when it conducted or in the alternative failed to cancel the foreclosure sale of December 7, 2016.

33. JMC's counsel should not have been taking action to proceed with the sale, including the Notice of Sale and filing proof of publication of sale when JMC had not turned down Collins for loan modification of completed appeals process for any loan modification denial.

34. On September 26, 2017, Chase wrote to Collins to acknowledge that "We found that we may have made an error that could have extended the document collection during our review of your application for mortgage assistance." A true and correct copy of the September 27, 2016 letter is attached hereto as **Exhibit 3**.

35. The "error" referenced in Chase's September 26, 2017 letter was a violation of 12 C.F.R. 1024.41. If Chase had provided proper notice of what if any additional documents it

needed, properly communicated with Collins about the loss mitigation submission and given Collins adequate opportunity to submit loss mitigation documents Collins would have been approved for a loan modification and would have saved her home.

36. Chase included as its proposed compensation for its violation of Federal Law, a token and nominal check for $100.00. Collins did not cash this check as it is wholly inadequate compensation or Chase's misconduct that deprived Collins of her last chance to save her home.

37. Collins lost her home and her substantial equity in her home as a result of Chase's violation of 12 CFR 1024.41. On July 3, 2017, the subject property was sold for $345,000.00.

38. Code of Federal Regulations 12 CFR 1024.41(a) provides:

> (a) *Enforcement and limitations.* A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f)). Nothing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option. Nothing in § 1024.41 should be construed to create a right for a borrower to enforce the terms of any agreement between a servicer and the owner or assignee of a mortgage loan, including with respect to the evaluation for, or offer of, any loss mitigation option or to eliminate any such right that may exist pursuant to applicable law.

39. Collins sustained actual damages to the extent she lost her chance to save her home.

40. Collins has sustained actual damages in the form of duress, anxiety, fear of losing her home, embarrassment, shame, loss of time from her job, as a result of JMC's failure to comply with 12 CFR 1024.41 and the wrongful foreclosure sale of her home.

41. JMC has made a pattern and practice of failing to cancel foreclosure sales in Brevard County, in Florida, and in the United States in circumstances where 12 CFR 1024.41 requires that foreclosure sales be cancelled.

42. Collins' embarrassment and shame was made worse by publication of a Notice of Foreclosure Sale that contained her name was published in late 2016.

43. Collins has retained the undersigned counsel and seeks recovery of reasonable attorney's fees and costs, pursuant to 12 CFR 1024.41 and 12 United State Code 2605.

WHEREFORE, the Plaintiff, Yvonne Collins, demands judgment for damages together with interest, costs and attorney's fees pursuant to Florida Statutes, §§559.77, RESPA 12 U.S.C. §2605, and TILA, any applicable fee provision of her note and mortgage, legal assistants' fees pursuant to §57.104 Florida Statutes, and costs pursuant to §92.231, Florida Statutes and §57-041, Florida Statutes, and any and all further relief as this Court deems just and proper, and further, demands a trial by jury on all issues.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Defendant(s) herein through service of process.

SHUSTER & SABEN, LLC

RICHARD SHUSTER, ESQUIRE
Fla. Bar No.: 045713
Primary: richshuster@gmail.com
Secondary: assistant2richardshuster@gmail.com
1413 South Patrick Drive, Suite 7
Satellite Beach, Florida 32937
Telephone:  321-622-5040
Fax Number:  877-335-4747
Attorney for Plaintiff